IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-02265-REB-MEH

HUI HUNG,

    Plaintiff,

v.

JOHN K. MITCHELL,

    Defendant.

**ORDER DISCHARGING ORDER TO SHOW CAUSE
AND REMANDING CASE TO STATE COURT**

**Blackburn, J.**

The matter before me is defendant's **Response to Order To Show Cause** [#15], filed December 4, 2008. Although I find defendant's response sufficient to discharge the Order To Show Cause, I do not find it sufficient to remedy the defects notice in his removal petition, and therefore remand.

Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one of which the district court would have had original jurisdiction. Where the basis of removal is allegedly diversity of citizenship, as here, the parties must be completely diverse and the amount in controversy must exceed $75,000, exclusive of interest, costs, and attorney's fees. *See* 28 U.S.C. § 1332. These facts "must be affirmatively established on the face of either the petition or the removal notice." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Because plaintiff's complaint does not recite a specific dollar amount of recovery sought, the burden is on

defendant to establish by a preponderance of the evidence that the jurisdictional amount is satisfied. ***Martin v. Franklin Capital Corp.***, 251 F.3d 1284, 1290 (10th Cir. 2001).

In his response to the show cause order, defendant goes to great lengths to establish that the value of plaintiff's claims exceed $75,000. However, the law in this circuit remains that "[b]oth the requisite amount in controversy and the existence of diversity must be affirmatively established *on the face of either the petition or the removal notice*." ***Laughlin***, 50 F.3d at 873 (emphasis added). ***See also Oklahoma Farm Bureau Mutual Insurance Co. v. JSSJ Corp.***, 149 Fed. Appx. 775, 778 (10th Cir. Sept. 8, 2005) (citing ***Martin,*** 251 F.3d at 1291 n.4); ***Frederick v. DaimlerChrysler Corp.***, 2005 WL 1319135 at *4 (D. Kan. May 12, 2005); ***Standard Liquor Corp. v. King Estate Winery, Inc.***, 1997 WL 752643 at *2 (D. Kan. Nov. 25,1997); ***Maxon v. Texaco Refining & Marketing***, 905 F.Supp. 976. 979 (N.D. Okla. 1995); ***Herber v. Wal-Mart Stores***, 886 F.Supp. 19, 20 (D. Wyo. 1995).

Defendant's sole allegation in his Notice of Removal regarding the amount in controversy was that "[a]ccording to Plaintiff's Civil Cover Sheet, the amount in controversy is in excess of $100,000[.]" (**Notice of Removal** ¶ 8 at 2 [#1], filed October 16, 2008.) Such allegations, standing alone, are insufficient to support a conclusion that the minimum jurisdictional amount in controversy has been met. ***See Hill v. American Family Mutual Insurance Co.***, 2008 WL 4533661 at *1-2 (D. Colo. Oct. 3, 2008) (Blackburn, J.) (citing ***Magdaleno v. L.B. Foster Co.***, 2008 WL 496314 at *6 (D. Colo. Feb. 19, 2008) (Krieger, J.)).

Nor does the Tenth Circuit's recent decision in **McPhail v. Deere & Co.**, 529 F.3d 947 (10th Cir. 2008), change the well established principle that only the petition and/or notice of removal, and not any subsequent jurisdictional briefing, is sufficient to establish the requisite jurisdictional minimum. Although **McPhail** more clearly explicates the removing party's burden of proof to establish the amount in controversy, it did not alter the requirement that the necessary facts be established on the face of the petition or notice of removal itself. *Id.* at 954-55 (reaffirming **Laughlin** and **Martin**).[1]

**THEREFORE, IT IS ORDERED** as follows:

1. That my **Order To Show Cause** [#14], filed November 25, 2008, is **DISCHARGED**; and

2. That this case is **REMANDED** to the District Court of Pitkin County, Aspen, Colorado (where it was filed originally as Case No. 2008CV145).

Dated December 8, 2008, at Denver, Colorado.

                                        **BY THE COURT:**

                                        s/ Robert E. Blackburn
                                        **Robert E. Blackburn**
                                        **United States District Judge**

---

[1] Nor has defendant sought leave to amend his notice of removal to cure the deficient allegations. *See Maggio Enterprises, Inc. v. Hartford Casualty Insurance Co.*, 132 F.Supp.2d 930, 930-31 (D. Colo. 2001). *See also Adams v. Allstate Ins. Co.*, 2008 WL 4831425 at *1 (D. Colo. Nov. 4, 2008).